UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JERRI SMITH,

Plaintiff,
v.

NCL (BAHAMAS) LTD.,

Defendant.
_______________________________________/

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff sues Defendant and, for good cause, alleges:

**PRELIMINARY ALLEGATIONS**

1. Plaintiff, JERRI SMITH, is a United States citizen and citizen and resident of Florida.

2. Defendant, NCL (BAHAMAS) LTD., is a corporation incorporated in Bermuda with its principal place of business in Miami, Florida.

3. This Court has subject matter jurisdiction over this action pursuant to its federal admiralty jurisdiction, 28 U.S.C. §1333, based upon facts alleged herein.

4. Notwithstanding the application of this Court's admiralty jurisdiction, Plaintiff hereby requests an advisory jury trial pursuant to the Saving to Suitors Clause of 28 U.S.C. § 1333. This action is being pursued in this Court, as opposed to state court as otherwise allowed by the Saving to Suitors Clause of 28 U.S.C. § 1333 because RCCL unilaterally inserts a forum clause into its cruise tickets that requires its passengers to file cruise-related suits only in this Federal District and Division, as opposed to any other place in the world. Further, NCL's cruise ticket does not

reasonably explain that if the Federal Court does not have diversity jurisdiction, then the case must be brought under the Federal Court's Admiralty Jurisdiction, which ordinarily does not provide for a jury trial; and, as such, the cruise ticket does not reasonably or adequately communicate the loss of the right to a jury trial in the event diversity jurisdiction does not exist. The Saving to Suitors Clause of 28 U.S.C. § 1333 reserves to suitors "all means other than proceedings in admiralty which may be employed to enforce the right or to redress the injury involved. Trial by jury is an obvious, but not exclusive, example of the remedies available to suitors." See Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438 (2000).

5. Further, NCL issued a cruise ticket contract which required that any claims relating to personal injuries that Plaintiff may sustain in connection to the subject cruise be brought in this Court and within this District as opposed to anywhere else in the world.

6. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States and/or the laws of the State of Florida. Notwithstanding the application of General Maritime Law and, pursuant to Federal Rule of Civil Procedure 38 and/or the Savings to Suitors clause, Plaintiff hereby demands a jury trial on all claims asserted herein.

7. At all material times, Defendant, NCL, owned, operated, managed, maintained and/or controlled the cruise ship commonly referred to as the *Norwegian Joy* (the "Vessel"), including the medical department.

8. At all material times, Defendant, NCL, owned, operated, managed, maintained and/or controlled the pier at Great Stirrup Cay.[1]

9. At all times material hereto, Defendant, personally or through an agent:

a. Operated, conducted, engaged in or carried on a business venture in this

[1] NCL's website states, "Norwegian Cruise Line has owned the island since 1977, becoming the first cruise line in the industry to offer a private tropical island experience exclusively for its guest." https://www.ncl.com/newsroom/great-stirrup-cay.

state and/or county or had an office or agency in this state and/or county;

b. Was engaged in substantial activity within this state;

c. Operated vessels in the waters of this state;

d. Committed one or more of the acts stated in Florida Statutes §§ 48.081, 48.181 or 48.193;

e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state.

f. Defendant was engaged in the business of providing to the public and to Plaintiff in particular, for compensation, vacation cruises aboard the cruise ships.

10. Defendant is subject to the jurisdiction of the courts of this state.

11. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

**FACTS COMMON TO ALL COUNTS**

12. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the vessel, the *Norwegian Joy* ("the vessel").

13. At all times material hereto, Defendant had exclusive custody and control of the vessel.

14. At all times material hereto, Defendant had exclusive custody and control of the cruise pier at Great Stirrup Cay.

15. At all times material hereto, Defendant had the non-delegable duty to provide Plaintiff with reasonable care under the circumstances. This non-delegable duty includes a duty to provide safe ingress and egress to and from the subject vessel. *Vierling v. Celebrity Cruises, Inc.*, 339 F.3d 1309, 1319 (11th Cir. 2003); *McBride v. Carnival Corp*., 2019 WL 3503338 (S.D. Fla. August 1, 2019). The non-delegable duty also "includes 'a duty to warn of known dangers beyond the point of debarkation in places where passengers are invited or reasonably expected to visit.'"

*Wolf v. Celebrity Cruises, Inc.*, 683 F. App'x 786, 794 (11th Cir. 2017) (citing *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012)).

16. On or about December 29, 2025, Plaintiff was a paying passenger aboard the vessel, which Defendant operated in navigable waters.

17. On or about December 29, 2025, the Plaintiff disembarked the subject vessel at the port in Great Stirrup Cay. NCL had recently constructed a new pier at Great Stirrup Cay and Plaintiff and her fellow passengers were informed by NCL that they would be the first passengers to use the new pier. Plaintiff had barely walked halfway down the pier, when she tripped and fell on a stuck up nail and slipped and fell due to the excess and on the plywood surface which made it unreasonably slippery.

18. The subject area was dangerous for reasons that include but are not limited to:

a. The pier was comprised of plywood sheets, which became slippery due to the natural accumulation of sand that reduced traction of the plywood material;

b. The pier had nails sticking up from the plywood sheets, creating a trip and fall hazard;

c. The pier was still under construction, making it hazardous for passengers to traverse.

19. The extent of danger posed by the subject area was not open nor obvious to Plaintiff as she was not given a sufficient opportunity to inspect the area prior to being instructed by NCL to disembark via the pier and this was her only way to disembark the vessel.

20. Prior to the subject incident, Defendant knew and/or should have known of the dangerous condition(s) outlined above for reasons that include, but were not limited to:

a. Prior to and/or at the time of Plaintiff's injury-producing incident, outlined above, Defendant's crewmembers were standing within a close distance to the subject area and/or were actively monitoring same for hazards, per Defendant's policies and procedures, and did and/or should have observed the dangerous condition(s) outlined above which caused the Plaintiff's injuries, but did not take appropriate remedial

measures to prevent the Plaintiff's incident;

b. Prior to and/or at the time of Plaintiff's injury-producing incident, outlined above, NCL inspected the pier for passengers to use. NCL did so in the days or weeks prior to Plaintiff's incident further to NCL approving the surface as being permissible for passenger use; and NCL did so prior to disembarking its passengers, as per NCL's own policies and procedures for passenger disembarkation. The condition of the pier at the time of NCL's approval was the same as at the time of Plaintiff's incident.

c. Prior to and/or at the time of Plaintiff's injury-producing incident, outlined above, Defendant had installed video cameras to monitor the subject area, and had Defendant reasonably monitored the subject area via those cameras, Defendant did and/or would have observed the dangerous condition(s) outlined above which caused the Plaintiff's injuries, but Defendant did not take appropriate remedial measures to prevent the Plaintiff's incident; and/or

d. As per Defendant's policies and procedures, Defendant's crewmember did and/or should have continuously monitored the subject area to identify and remedy hazardous conditions; had Defendant and/or its crewmembers reasonably complied with those policies and procedures, Defendant would have observed the dangerous condition(s) outlined above which caused the Plaintiff's injuries, but Defendant did not take appropriate remedial measures to prevent the Plaintiff's incident.

21. As a result of the negligence of Defendant and its actions and failures to provide Plaintiff with a reasonably safe place to walk, Plaintiff fell suffering severe injuries.

## COUNT I – NEGLIGENT FAILURE TO MAINTAIN AGAINST DEFENDANT

Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through twenty-one (21) above as though alleged originally herein, and further alleges:

22. At all times material hereto, Defendant had a non-delegable duty to provide Plaintiff with reasonable care under the circumstances. This non-delegable duty includes a duty to provide safe ingress and egress to and from the subject vessel. Vierling, 339 F.3d at 1319; McBride, 2019 WL 3503338.

23. On or about December 29, 2025, Defendant and/or its agents, servants, and/or employees breached its duty to provide the Plaintiff with reasonable care under the circumstances, through the following acts and/or omissions:

a. Failure to adequately and regularly inspect the subject pier where the Plaintiff fell, to determine whether the subject pier was unreasonably hazardous in nature, and/or dangerous;

b. Failure to maintain the subject pier where Plaintiff fell in a reasonably safe condition in light of the anticipated traffic in the area;

c. Failure to adequately and reasonably correct hazardous conditions which the Defendant knew or should have known about; and/or

d. Other negligent acts and/or omissions that may be revealed in discovery.

24. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for Defendant's failure to adequately inspect and/or maintain the subject area.

25. At all times material hereto, Defendant knew of the foregoing conditions causing Plaintiff's incident and did not correct them. Defendant's knowledge of the foregoing condition(s) was specifically acquired through (a) its cleaning and/or inspection of the subject area prior to this incident, and/or (b) the maintenance, inspection, and/or supervision of the subject pier, and/or (c) prior incidents causing personal injury to Defendant's passengers in the same or substantially similar area. *See generally Regina Gerace v. NCL (Bahamas) Ltd.*, Case No. 26-cv-22673-JB (S.D. Fla. 2026) (cruise passenger was injured while disembarking the subject vessel due to slipping and falling and tripping and falling on a wet, slippery, dangerously slick, excessively sloped, and mis leveled gangway); *Linda Bently v. NCL (Bahamas) Ltd.*, Case No. 25-cv-24934-DPG (S.D. Fla. 2025) (cruise passenger was injured while embarking the subject vessel due to a wet, slippery, and/or dangerously slick gangway); *Larisa Frimerman v. NCL (Bahamas) Ltd.,* Case No. 24-cv-21812-JLK (S.D. Fla. 2024) (cruise passenger was injured while embarking the subject vessel due to slipping and/or tripping and falling on a gangway) *Mai Lis Bahr v. NCL (Bahamas) Ltd.,* Case No. 19-CV-22973 (S.D. Fla. 2021) (cruise passenger was injured while disembarking the subject vessel due to slipping on a wet and slippery

gangway); Vivian *Frederick v. NCL (Bahamas) Ltd.*, Case No. 19-CV-24532 (S.D. Fla. 2019) (cruise passenger was injured after falling on a wet and slippery gangway); *Elvin Ruiz v. NCL (Bahamas) Ltd.*, Case No. 17-cv-23200-FAM (S.D. Fla. 2017) (cruise passenger was injured while embarking the vessel, when he fell on the uneven, slippery, and/or irregular surface of the subject vessel's gangway). Alternatively, the foregoing conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

26. As a direct and proximate result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, and the Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, the Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

## COUNT II – NEGLIGENT FAILURE TO WARN

Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through twenty-one (21) above as though alleged originally herein, and further alleges:

27. At all times material hereto, Defendant had a non-delegable duty to provide Plaintiff

28. with reasonable care under the circumstances. This non-delegable duty includes a duty to provide safe ingress and egress to and from the subject vessel. Vierling, 339 F.3d at 1319; McBride, 2019 WL 3503338.

29. At all times material hereto, it was the duty of Defendant to warn passengers (like the Plaintiff) of dangers that were known, or reasonably should have been known, to Defendant in places where passengers (like the Plaintiff) are invited to or may reasonably be expected to be.

30. On or about December 29, 2025, the Plaintiff was walking on the pier on located on Defendant's private island Grand Stirrup Cay, which were places that the Plaintiff was invited to by Defendant NCL and/or a place Defendant NCL reasonably expected the Plaintiff to be during the subject cruise.

31. On or about December 29, 2025, Defendant and/or its agents, servants, and/or employees breached its duty to provide the Plaintiff with reasonable care under the circumstances, through the following acts and/or omissions:

a. Failure to warn the Plaintiff of the unreasonably hazardous, and/or dangerous condition of the subject pier;

b. Failure to warn the Plaintiff of the risks and/or dangers associated with the unreasonably hazardous nature of the subject pier, including but not limited to the pier being under construction;

c. Failure to warn the Plaintiff of other trip and fall incidents previously occurring in the same area, and/or involving the same and/or similar threshold;

d. Failure to warn the Plaintiff that Defendant did not have proper procedures in place to adequately inspect and monitor the area to detect and correct hazardous conditions such as nails sticking out of the plywood and sand making the plywood unreasonably slippery; and/or

e. Other negligent acts and/or omissions that may be revealed in discovery.

32. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff would not have been injured had Defendant and/or its agents, servants and/or employees adequately warned and/or communicated the foregoing to the Plaintiff.

33. At all times material hereto, Defendant knew of the foregoing conditions causing Plaintiff's incident and did not correct them. Defendant's knowledge of the foregoing condition(s)

was specifically acquired through (a) its cleaning and/or inspection of the subject area prior to this incident, and/or (b) the maintenance, inspection, and/or supervision of the subject pier, and/or (c) prior incidents causing personal injury to Defendant's passengers in the same or substantially similar area. *See generally Regina Gerace v. NCL (Bahamas) Ltd.*, Case No. 26-cv-22673-JB (S.D. Fla. 2026) (cruise passenger was injured while disembarking the subject vessel due to slipping and falling and tripping and falling on a wet, slippery, dangerously slick, excessively sloped, and mis leveled gangway)*; Linda Bently v. NCL (Bahamas) Ltd.*, Case No. 25-cv-24934-DPG (S.D. Fla. 2025) (cruise passenger was injured while embarking the subject vessel due to a wet, slippery, and/or dangerously slick gangway); *Larisa Frimerman v. NCL (Bahamas) Ltd.,* Case No. 24-cv-21812-JLK (S.D. Fla. 2024) (cruise passenger was injured while embarking the subject vessel due to slipping and/or tripping and falling on a gangway) *Mai Lis Bahr v. NCL (Bahamas) Ltd.,* Case No. 19-CV-22973 (S.D. Fla. 2021) (cruise passenger was injured while disembarking the subject vessel due to slipping on a wet and slippery gangway); Vivian *Frederick v. NCL (Bahamas) Ltd.*, Case No. 19-CV-24532 (S.D. Fla. 2019) (cruise passenger was injured after falling on a wet and slippery gangway); *Elvin Ruiz v. NCL (Bahamas) Ltd.*, Case No. 17-cv-23200-FAM (S.D. Fla. 2017) (cruise passenger was injured while embarking the vessel, when he fell on the uneven, slippery, and/or irregular surface of the subject vessel's gangway). Alternatively, the foregoing conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

34. As a direct and proximate result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered

physical handicap, and the Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, the Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

**COUNT III – GENERAL NEGLIGENCE**

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through twenty-one (21) as though alleged originally herein.

35. At all times material hereto, Defendant had a non-delegable duty to provide Plaintiff with reasonable care under the circumstances. This non-delegable duty includes a duty to provide safe ingress and egress to and from the subject vessel. Vierling, 339 F.3d at 1319; McBride, 2019 WL 3503338.

36. On or about December 29, 2025, Defendant and/or its agents, servants, and/or employees breached its duty to provide the Plaintiff with reasonable care under the circumstances, through the following acts and/or omissions:

a. Failure to adequately and regularly monitor the subject area to maintain it free of hazardous and/or dangerous conditions;

b. Failure to adequately inspect the subject pier at reasonable and adequate intervals so as to discover hazardous, and/or dangerous conditions;

c. Failure to place warning signs in the subject area providing warning about the subject pier;

d. Failure to promulgate and/or enforce adequate policies and procedures to ensure that the subject area is adequately and regularly inspected, monitored, cleaned and maintained free of hazardous, and/or dangerous conditions;

e. Failure to comply with safety codes and standards designed and promulgated to reduce the risk of the type of accident the Plaintiff suffered from happening;

f. Failure to have adequate risk management procedures in place designed to reduce the occurrence of the type of accident suffered by the Plaintiff;

g. Other acts or omissions constituting a breach of the duty to use reasonable care under the circumstances which are revealed through discovery.

37. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff would not have been injured but for the above acts and/or omissions.

38. At all times material hereto, Defendant knew of the foregoing conditions causing Plaintiff's incident and did not correct them. Defendant's knowledge of the foregoing condition(s) was specifically acquired through (a) its cleaning and/or inspection of the subject area prior to this incident, and/or (b) the maintenance, inspection, and/or supervision of the subject pier, and/or (c) prior incidents causing personal injury to Defendant's passengers in the same or substantially similar area. *See generally Regina Gerace v. NCL (Bahamas) Ltd.*, Case No. 26-cv-22673-JB (S.D. Fla. 2026) (cruise passenger was injured while disembarking the subject vessel due to slipping and falling and tripping and falling on a wet, slippery, dangerously slick, excessively sloped, and mis leveled gangway)*; Linda Bently v. NCL (Bahamas) Ltd.*, Case No. 25-cv-24934-DPG (S.D. Fla. 2025) (cruise passenger was injured while embarking the subject vessel due to a wet, slippery, and/or dangerously slick gangway); *Larisa Frimerman v. NCL (Bahamas) Ltd.,* Case No. 24-cv-21812-JLK (S.D. Fla. 2024) (cruise passenger was injured while embarking the subject vessel due to slipping and/or tripping and falling on a gangway) *Mai Lis Bahr v. NCL (Bahamas) Ltd.,* Case No. 19-CV-22973 (S.D. Fla. 2021) (cruise passenger was injured while disembarking the subject vessel due to slipping on a wet and slippery gangway); Vivian *Frederick v. NCL (Bahamas) Ltd.*, Case No. 19-CV-24532 (S.D. Fla. 2019) (cruise passenger was injured after falling on a wet and slippery gangway); *Elvin Ruiz v. NCL (Bahamas) Ltd.*, Case No. 17-cv-23200-FAM (S.D. Fla. 2017) (cruise passenger was injured while embarking the vessel,

when he fell on the uneven, slippery, and/or irregular surface of the subject vessel's gangway). Alternatively, the foregoing conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

39. As a direct and proximate result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, and the Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, the Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

## COUNT IV – GENERAL NEGLIGENCE AGAINST DEFENDANT NCL FOR CONDUCT OF ITS AGENT(S)/EMPLOYEE(S) BASED ON A THEORY OF VICARIOUS LIABILITY

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through twenty-one (21) as though alleged originally herein.

40. At all times material hereto, it was the duty of Defendant's agents, employees, and/or crewmembers to warn passengers, including the Plaintiff of dangers that were known, or reasonably should have been known, to Defendant in places where passengers, including the Plaintiff, are invited to or may reasonably be expected to visit.

41. On or about December 29, 2025, Plaintiff was walking on the pier at Great Stirrup Cay after having disembarked the subject vessel. Defendant's agents, employees, and/or crewmembers

undertook a duty of care to construct the pier at Great Stirrup Cay in a safe manner. However, the pier at Great Stirrup Cay was not constructed in a safe manner as the pier had plywood covering its surface, which became unreasonably slick due to sand and nails sticking up from the plywood.

42. On or about December 29, 2025, Defendant's agents, employees and/or crewmembers breached their duty to provide the Plaintiff with reasonable care under the circumstances, through the following acts and/or omissions, for which Defendant is vicariously liable:

a. Failure of the employees, agents, and/or crewmembers to construct the pier in a safe manner;

b. Failure of the employees, agents, and/or crewmembers to get passengers to the island in a safe manner, so that passengers such as Plaintiff would not fall while trying to get to the island.[2]

43. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for the crewmembers failure to construct the pier in a safe manner and/or provide an safe means, such as tender boats, to get Plaintiff and fellow passengers to the island.

44. As a direct and proximate result of the negligence of the crewmember, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, and Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In

[2] Plaintiff and fellow passengers were initially informed that they were going to be transported from the vessel to the island via tender boats. However, a later announcement informed Plaintiff and fellow passengers that they would be using the newly constructed pier to get to the island and that they would be the first passengers to use the newly constructed pier.

addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs. Further, the injuries resulting from her incident are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands a trial by jury, as well as any further relief as this Court deems just and appropriate.

Dated: November 2, 2026

Respectfully submitted,

LIPCON, MARGULIES
& WINKLEMAN, P.A.
*Attorneys for Plaintiff*
2800 Ponce de Leon Blvd., Ste. 1480
Coral Gables, FL 33134
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204

By: */s/ Ashley E. Wentz*
**ASHLEY E. WENTZ**
Florida Bar No. 1054401
awentz@lipcon.com